UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania corporation, and CONTINENTAL CASUALTY COMPANY, An Illinois corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:13-CV-1200-JAR |
| v. | ) ) ) | |
| FORMEDIC COMMUNICATIONS, LTD, A New Jersey corporation, and RADHA GEISMANN, M.D., P.C., a Missouri corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel and/or to Strike Formedic's Non-Responsive Answers (Doc. No. 22) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiffs American Casualty Company (ACCO) and Continental Casualty Company (CCC) filed this action seeking a declaratory judgment that they have no duty to defend or indemnify their insured Defendant Formedic Communications, Ltd. (Formedic) in a putative class action filed against it by Defendant Radha Geismann, M.D. (Geismann) in St. Louis County Circuit Court, *Radha Geismann, M.D., P.C. v. Formedic Communication, Inc.*, Case No. 12SL-CC02653. Geismann alleges violations of the Telephone Consumer Protection Act

(TCPA), Missouri Consumer Fraud Act, and common law conversion. The ACCO policies contain a "Distribution of Material and Information in Violation of Statute" exclusion and a "Distribution of Material and Information in Violation of Law" exclusion; the CCC policies contain a "Do Not Call" exclusion (collectively referred to as the "Fax Exclusions"). The Fax Exclusions provide in relevant part that the policies do not provide coverage for any alleged "property damage" or "personal and advertising injury" "arising directly or indirectly out of any act or omission that violates or is alleged to violate … the Telephone Consumer Protection Act…"

Plaintiffs take exception to Formedic's responses to paragraphs 35, 36, 37 and 47 of their complaint, and specifically, its denial of the existence of the Fax Exclusions, in violation of Federal Rule of Civil Procedure 8(b).[1] Plaintiffs move the Court to order Formedic to properly respond to its allegations or, in the alternative, to strike its denials.

Formedic opposes the motion, arguing that Rule 8(b) specifically authorizes a denial as a response to the averments of a complaint. "In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it and admit or deny the allegations asserted against it by an opposing party." Fed.R.Civ.P. 8(b)(1)(A),(B). (Mem. in Opp., Doc. No. 25, p. 4) Formedic disputes that Plaintiffs complied with New Jersey statutory and/or regulatory provisions when it added the Fax Exclusions to the policies, and thus denies that the exclusions are part of the policies. Further, Formedic states it has not objected to Plaintiffs' allegations on the grounds that they contain legal conclusions; rather, it denies the legal conclusions asserted by Plaintiffs as they relate to the effect and application of the exclusions. (Id., pp. 5-6)

---

[1] In its answer, Formedic "denies the allegations and legal conclusions" of these paragraphs. (Doc. No. 21)

**Discussion**

As is true of pleadings asserting a claim for relief, "plain notice" of the issues being raised by the defendant is all that is required at the pleading stage by the federal rules; the parties are provided with adequate discovery and pretrial procedures to develop in detail the facts pertinent to their various claims and defenses and the pleadings are not intended to carry that burden. Thus, responsive pleadings are subject to the Rule 8 standard of terseness and directive that pleadings be construed so "as to do substantial justice." Wright and Miller, 5 Fed. Prac. & Proc. Civ. § 1261 (3d ed.). The Court finds Formedic's answer gives Plaintiffs reasonable notice of the allegations sought to be put in issue, and will deny Plaintiffs' motion to compel.

Federal Rule of Civil Procedure 12(f) provides that, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12 (f). Although courts enjoy broad discretion in determining whether to strike a party's pleadings, motions to strike are "viewed with disfavor and are infrequently granted." Speraneo v. Zeus Technology, Inc., 2012 WL 2117872, at *1 (E.D.Mo. June 11, 2012). The Court will not exercise its discretion under the rule to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. See Shirrell v. St. Francis Medical Center, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (and cases cited therein). The Court cannot say that the challenged portions of Formedic's answer "do not pertain, and are not necessary to the issues in question." Schwend v. US Bank, N.A., 2011 WL 108720, at *1 (E.D. Mo. Jan. 12, 2011).  Whether the Fax Exclusions are part of the policies at issue is clearly relevant to the ultimate issue of whether Plaintiffs have a duty to defend or indemnify Formedic in the underlying action. Thus, the Court will deny Plaintiffs' motion to strike.

- 4 -

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel and/or to Strike [22] is **DENIED**.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of December, 2013.